54 F.3d 779
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Girvies L. DAVIS, Plaintiff-Appellant,
v.
Delbert MARION, Defendant-Appellee.
 No. 94-2319.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1995.*
Decided May 10, 1995.
 
 1
 Before EASTERBROOK, and RIPPLE, Circuit Judges, and MIHM, District Judge**
 
 Order
 
 2
 In February 1994 we remanded this case for a single purpose: so that the magistrate judge could apply the correct legal standard to determine whether punitive damages are warranted. The magistrate judge had denied Davis's request for punitive damages, but his curt explanation left us uncertain whether he understood that he could award punitive damages if the defendant acted with callous indifference that did not amount to malice.
 
 
 3
 On remand, the magistrate judge found that Marion "displayed neither reckless nor callous indifference to the federally protected rights of plaintiff." The magistrate judge stated that "little would be gained by using this case as an example to deter similar conduct by others." Davis contends that the finding on callous indifference is clearly erroneous, but we think that it has support. As the magistrate judge found, Marion "struck plaintiff only once, and the injury inflicted was relatively non-severe under the circumstances. As noted in the original order, defendant immediately took plaintiff to St. Mary's Hospital in East St. Louis for medical care."
 
 
 4
 Our remand order observed that, although "punitive damages are discretionary, the decision on whether to award them must be decided vis a vis the appropriate legal standard." The magistrate judge has now both applied the right standard and exercised discretion under it. The decision will not be disturbed.
 
 AFFIRMED
 
 
 *
 After an oral argument held on January 5, 1994, this court remanded the case to the district court for a limited purpose. The post-remand appeal has been assigned to the same panel under Operating Procedure 6(b), and the panel has unanimously concluded that an additional oral argument is unnecessary
 
 
 **
 Chief Judge, United States District Court for the Central District of Illinois, sitting by designation